IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRIS CRAWFORD, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )   CIVIL ACTION NO. 06-0746-CG-B |
| | ) |
| PROTOCOL RECOVERY SERVICE, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the court on defendant's motion for relief from default judgment (Doc. 9), plaintiff's motion to strike the affidavit of Jeff Ackiss (Doc. 14), plaintiff's response to defendant's motion (Doc. 15), and defendant's reply (Doc. 17).  The court finds that, under the circumstances of this case, that default should be set aside

## BACKGROUND

Plaintiff filed this action asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the laws of the State of Alabama. (Complaint, Doc. 1).   The dispute arises from the alleged settlement of a debt owed by plaintiff.  Plaintiff claims the parties had agreed to allow defendant, Protocol Recovery Services, Inc. ("Protocol Recovery"), to withdraw specific amounts from plaintiff's checking account in complete satisfaction of the debt. (Complaint, ¶¶ 5,6).  However, according to plaintiff, defendant withdrew more than plaintiff had agreed to pay. (Complaint, ¶ 8).  Defendant disputes the terms of the agreement and contends that plaintiff owes additional funds. (Plaintiff's motion, Doc. 9, pp. 2-3).

Defendant was served via certified mail on November 8, 2006. (Doc. 6).  Defendant

failed to answer the complaint and default was entered on December 19, 2006. (Doc. 8). According to defendant, it failed to answer because of an inadvertent mistake.  Defendant reports that its mail is sorted into four different categories: 1) payment to defendant; 2) notice of bankruptcy stays; 3) consumer correspondence; and 4) returned mail.  Defendant's employee, Christina Jones, sorted the mail on the day the complaint arrived and inadvertently placed the complaint in the "bankruptcy-stay" category, instead of the "consumer correspondence" category, where legal complaints are to be filed. (Jones Affid. ¶¶ 5, 6).  Defendant did not discover the mistake until approximately December 14, 2006. (Humphrey Affid. ¶ 6).  Upon discovery of the complaint in the stack of several hundred bankruptcy notices, supervisory personnel was immediately notified and the complaint was faxed to the president of the company.  (Humphry Affid. ¶¶ 6,7; Ackiss 2nd Affid. ¶6).)

## DISCUSSION

Plaintiff objects to the first affidavit of Jeff Ackiss on the basis that some of the statements are based on inadmissible hearsay rather than the personal knowledge of Mr. Ackiss. Defendant has now submitted additional affidavits by persons who aver that they have personal knowledge of the events at issue as well as a second affidavit by Mr. Ackiss which avers only statements of which he reportedly has personal knowledge.   Mr. Ackiss' first affidavit is no longer necessary for the determination of defendant's motion for relief from default. Accordingly, plaintiff's motion to strike (Doc. 14) is **MOOT**.

As to defendant's motion, the court finds it is due to be granted.  Default judgment is deemed a "drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.

1985).  A motion to set aside entry of default is governed by FED.R.CIV.P. 55(c), which states, in pertinent part, that "[f]or good cause shown the court may set aside an entry of default."  "'Good cause' is a mutable standard, varying from situation to situation.  It is also a liberal one– but not so elastic as to be devoid of substance."  Compania Interamericana Export-Import S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir.1996) (citation omitted).  The district court considers (1) whether the default was the result of culpable or willful conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense.  Id. (citations omitted).

     Plaintiff offers no opposition to defendant's assertion that plaintiff would not be prejudiced if the default were set aside or to defendant's assertion that it has a meritorious defense.  Instead, plaintiff contends that defendant's reason for failing to answer the complaint does not rise to the level of good cause.  In support of his contention, plaintiff cites Gibbs v. Air Canada, 810 F.2d 1529 (11th Cir. 1987) wherein, the Court found that the defendant's failure to establish procedural safeguards did not constitute excusable neglect.  However, the court finds Gibbs to be distinguishable from the instant case.   In Gibbs, the personnel and administrative manager attempted to notify an attorney in its legal department, but because the attorney was out of the office, simply left a phone message and forwarded the complaint to the legal department via company mail. Id. at 1531.  The complaint was reportedly never received by in-house counsel presumably because "a mail clerk must have misplaced the complaint." Id. at 1537.  The supposed mistake of the mail clerk did not constitute good cause given the culpability of in-house counsel in failing to return the phone call and the culpability of the manager who failed to follow up on the phone call and check to see that the complaint reached its destination. See Id.

     In the instant case, although defendant claims a mail clerk misplaced the

3

complaint, there is no evidence that other personnel were aware of the complaint and failed to follow through. The court finds that defendant's failure to respond was not the result of culpable or willful conduct of the defendant, but simply to error.  In addition, the court finds that plaintiff will suffer minimal prejudice in the event that defendant's motion is granted, especially in light of the early stage of this case.   Therefore, the court finds that default should be set aside in this case.

## **CONCLUSION**

For the reasons stated above, the motion of Protocol Recovery Services, Inc.  for relief from default judgment (Doc. 9) is **GRANTED,** and the default judgment, dated December 19, 2006 (Doc. 8), is hereby **SET ASIDE.**

Protocol Recovery Services, Inc. is **ORDERED** to **Answer** the complaint on or before **February 5,  2007.**

**DONE and ORDERED** this 23rd day of January, 2007.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE